IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|                                   |   |                              |
|-----------------------------------|---|------------------------------|
| MARK ACOSTA,                      | * |                              |
|     Plaintiff,                    | * |                              |
|     v.                            | * | CIVIL NO.: WDQ-14-1605       |
|                                   | * |                              |
| INGERMAN & HORWITZ, L.L.C.,       |   |                              |
| et al.,                           | * |                              |
|     Defendants.                   | * |                              |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Mark Acosta sued Ingerman & Horwitz, L.L.C. and Ingerman & Horwitz, L.L.P.[1] ("the Defendants") for discrimination[2] under Title VII of the Civil Rights Act of 1964[3] and the Americans with Disabilities Act of 1990 ("ADA").[4]  Pending are the Defendants' motion to dismiss the original complaint, and the Plaintiff's motion to amend the complaint.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2011).  For the following reasons, the motion to amend will be granted; the motion to dismiss will be denied as moot.

---

[1] The Plaintiff alleges that the two defendant entities "are truly one and the same business."  ECF No. 13-2 at 2.

[2] In the original complaint, the Plaintiff also asserted violations of 42 U.S.C. § 1981 and Maryland law.  ECF No. 1.  He omitted these claims from the amended complaint.

[3] 42 U.S.C. § 2000e, et seq.

[4] 42 U.S.C. sect 12101, et seq.

I.   Background[5]

On April 8, 2002, the Plaintiff was hired as a settlement negotiator by the Defendants.  ECF No. 13-2 (hereinafter "Am. Compl.") at ¶ 13.  The Defendants had between 14 and 101 employees.  *Id.* at ¶ 7.  The Plaintiff "performed his duties adequately and met or exceeded [the Defendants'] expectation[s] throughout his employment."  *Id.* at ¶ 13.

On April 8, 2010, the Plaintiff injured his left leg, both, hands, shoulder and neck.  *Id.* at ¶ 14.  Because of these injuries, the Plaintiff "sustained long lasting and severe injuries to his hands, neck, left foot and leg, shoulder, veins, shock to his nerves and nervous system, thus incurring great hospital and medical expenses and lost wages and was otherwise damaged and injured."  *Id.* at ¶ 18.  The Plaintiff "was completely unable to bear weight on his left foot and leg for approximately three months following the incident."  *Id.*

---

[5] The facts are from the proposed amended complaint.  ECF No. 13-2.  On a motion to dismiss, the well-pled allegations in the complaint are accepted as true.  *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).  The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

On April 19, 2010, the Plaintiff underwent foot reconstruction surgery. Am. Compl. at ¶ 14. As a result of the surgery, the Plaintiff was confined to a wheelchair and required "to keep his foot elevated in front of him while in the wheelchair." Id. at ¶¶ 14-15. The Plaintiff's "injuries as well as the foot reconstruction surgery . . . have left him with impairments in his left foot and ankle, including reduced range of motion and ongoing pain." Id. at ¶18.

For about one week after his surgery, the Plaintiff attempted to work at the office. Am. Compl. at ¶ 15. However, "the narrow paths . . . made the office impossible for [the Plaintiff] to navigate given his wheelchair . . . ." Id. The Plaintiff went to his supervisor and requested that he be permitted to work from home. Id. at ¶ 16. "The nature of his job as a settlement negotiator was such that as long as he had a computer and a telephone (both of which he had at his home), his job could be performed remotely with no loss to the Defendant[s]." Id. The Plaintiff's supervisor denied the request. Id. "Other similarly situated female employees were not treated in the same manner as [the Plaintiff] and in fact had their accommodation requests met by the Defendant[s]."[6] Id.

---

[6] The Plaintiff names three female employees who received accommodation: 1) Carolyn Johnson, a settlement negotiator with "less seniority" than the Plaintiff, was "routinely"

3

at ¶ 17.  On June 16, 2010, the firm administrator, Eric L. Hightower, informed the Plaintiff that he was being discharged for "economic reasons."  *Id.* at ¶ 17.

The Plaintiff filed suit with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on disability and sex.  *Id.* at ¶ 19.  On February 27, 2014, the Plaintiff received the right to sue letter.  *Id.*  On May 16, 2014, the Plaintiff sued the Defendants alleging discrimination under the ADA and Title VII.  ECF No. 1.

On August 4, 2014, the Defendants moved to dismiss the complaint for failure to state a claim.  ECF No. 9.  On August 7, 2014, the Plaintiff opposed the motion and moved to amend the complaint.  ECF Nos. 12, 13.  On August 25, 2014, the Defendants replied to the Plaintiff's opposition and opposed the motion to amend.  ECF Nos. 14, 15.

---

accommodated in her "requests in regard to her son who was suffering from cancer;" (2) Lisa Siefert, a paralegal, had her job held for 12 weeks after she gave birth; (3) Mary Lader, a worker's compensation negotiator and paralegal, missed work following her shoulder surgery and the Defendants "held her position for her;" (4) Dominique Baroch, a paralegal, was permitted to work from home following her back surgery; and Sue Terjung, a paralegal, whose job was held for her after she was in an automobile accident that injured her knee and required surgery.  Am. Compl. at ¶ 21.  All of the comparators "were under the supervision of the partners of the Defendant[s] . . . and by the Firm Administrator . . . ."  *Id.* at ¶22.

II.  Analysis

  A. Legal Standards

    1. Amending a Complaint

    Fed. R. Civ. P. 15(a)(1) allows a party to "amend its
pleading once as a matter of course" within "21 days after
serving it" or, "if the pleading is one to which a responsive
pleading is required, 21 days after service of a responsive
pleading or 21 days after service of a motion under Rule 12(b),
(e), or (f), whichever is earlier."  All other amendments may be
made "only with the opposing party's written consent or the
court's leave."  Rule 15(a)(2).

    Federal Rule of Civil Procedure 15(a)(2) instructs that
leave to amend should be freely given when justice requires.
Leave should be denied only when amendment would unduly
prejudice the opposing party, amount to futility, or reward the
movant's bad faith.  *Steinburg v. Chesterfield Cnty. Planning
Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008); *Equal Rights Ctr. v.
Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010).

    2. Motion to Dismiss for Failure to State a Claim

    Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed
for failure to state a claim upon which relief may be granted.
Rule 12(b)(6) tests the legal sufficiency of a complaint, but
does not "resolve contests surrounding the facts, the merits of

5

a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks and alteration omitted).

B. The Plaintiff's Motion to Amend

Under Federal Rule of Civil Procedure 15(a)(2), leave should be denied only when amendment would unduly prejudice the opposing party, amount to futility, or reward the movant's bad faith. *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d at 390. Here, discovery has yet to begin, and there has been no showing of prejudice or bad faith. The Defendants argue that the amendments would be futile. *See* ECF No. 15 at 1-2.

1. The Plaintiff's ADA Claim

The Defendants argue that the amended complaint fails to establish that the Plaintiff suffered from a "disability" within the meaning of the ADA. *See* ECF No. 15 at 1-2.

The ADA makes it unlawful for employers to "discriminate against a qualified individual on the basis of a disability." 42 U.S.C. § 12112(a). A qualified individual is one who "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. 42 U.S.C. § 12111(8). A disability is either "a physical or mental impairment that substantially limits one or more major life activities," "a record of such an impairment,"

7

or "being regarded as having such an impairment."   42 U.S.C. §
12102(1).

In *Toyota Motor Manufacturing, Kentucky Inc. v. Williams*,
534 U.S. 184, 199 (2002), the Supreme Court adopted a strict
construction of disability.  The Court also stated that a
temporary impairment did not qualify as a disability under the
ADA.  *Id.*

In September 2008, Congress amended the ADA in order to
overturn the Supreme Court's ruling in *Toyota*.  *See Summers v.
Altarum Inst., Corp.*, 740 F.3d 325, 329 (4th Cir. 2014).
Congress sought to "reinstat[e] a broad scope of protection . .
. available under the ADA."  Pub. L. No. 110-325, 122 Stat.
3553.  "[T]he amended Act provides that the definition of
disability 'shall be construed in favor of broad coverage of
individuals under this chapter, to the maximum extent permitted
. . . .'"  *Summers*, 740 F.3d at 329 (quoting 42 U.S.C. §
12102(4)(A)).  The term "substantially limits" is also to be
interpreted liberally in accordance with this purpose.  42
U.S.C. § 12102(4)(B).

The EEOC subsequently revised its regulations to reflect
the amendments.  EEOC regulations state that "[t]he term
'substantially limits' shall be construed broadly in favor of
expansive coverage" and is "not meant to be a demanding

8

standard."   29 C.F.R. § 1630.2(j)(1)(i).   The "effects of an impairment lasting or expected to last fewer than six months *can be substantially limiting . . . .*"   29 C.F.R. § 1630.2(j)(1)(ix).   Instead of classifying all short term impairments as not disabilities, courts should look at duration as simply "one factor that is relevant in determining whether the impairment substantially limits a major life activity."   29 C.F.R. § 1630.2(j)(1)(ix) (app.).   "[I]f an individual has a back impairment that results in a 20-pound lifting restriction that lasts for several months, he is substantially limited in the major life activity of lifting, and therefore covered under the first prong of the definition of disability."   *Id.*

Here, the Plaintiff has alleged that he could not put any weight on his left leg, and he was confined to a wheelchair for three months.[7]   Am. Compl. at ¶¶ 14-18.   Further, "injuries as well as the foot reconstruction surgery . . . have left him with impairments in his left foot and ankle, including reduced range of motion and ongoing pain."   *Id.* at ¶18.

Considering the Plaintiff's allegations and the broad scope of the ADA, the amended complaint states a disability under the ADA.   Although other factors revealed through discovery may show that the Plaintiff's three-month impairment was not

---

[7] Walking is a major life activity.   *See Summers*, 740 F.3d at 330.

substantially limiting, the Court cannot rule as a matter of law that a three-month confinement to a wheelchair accompanied by ongoing pain is not a disability.[8]  *See* 29 C.F.R. § 1630.2(j)(1)(ix) (app.) (whether a short-term disability is substantially severe is a factual analysis based on multiple factors).

2. The Plaintiff's Title VII Claim

The Defendants argue that the sex discrimination claim is insufficient because the five comparators proposed by the Plaintiff are not similarly situated.  ECF No. 15 at 3.

The plaintiff has the burden "to show that [he] [is] similar in all relevant respects to [his] comparator." *Haywood v. Locke*, 387 Fed. App'x 355, 359 (4th Cir. 2010).  "Comparison will never involve precisely the same set of work-related offenses occurring over the same period of time and under the

---

[8] *See also Summers*, 740 F.3d at 330 ("If, as the EEOC has concluded, a person who cannot lift more than twenty pounds for 'several months' is sufficiently impaired to be disabled within the meaning of the amended Act, then surely a person whose broken legs and injured tendons render him completely immobile for more than seven months is also disabled."; *Johnson v. Balt. Cty. Police Dep't*, No. ELH-12-2519, 2014 U.S. Dist. LEXIS 41669, at *43-49 (D. Md. Mar. 27, 2014) (woman who suffered from back problems and had a hysterectomy stated a disability); *Todd v. Prince George's Cnty.*, RWT 13cv1776, 2014 U.S. Dist. LEXIS 39815, at *15-17 (D. Md. Mar. 26, 2014) (plaintiff who was on crutches and in a walking boot three years after her injury was "disabled").

same sets of circumstances;"[9] however, "the similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful."[10]   "Such a showing would include evidence that the employees 'dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'"  *Haywood*, 387 Fed. App'x at 359 (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir.1992)).

The Defendants assert that the comparators here do not match the Plaintiff in every respect.  They argue that to be a valid comparator, the individual must have the same position as the plaintiff, suffer from a disability, and have requested accommodation.  *See* ECF No. 14 at 2-3; ECF No. 15 at 3.  In essence, each individual must be identical to the Plaintiff except that she is female.  *See id.*

The Defendants' interpretation would forestall any comparator analysis in small businesses in which a plaintiff did not have an exact counterpart.  Courts recognize that "a comparator need not be an exact match . . . ."  *Id.*; *see also*

_____

[9] *Cook v. CSX Transp. Corp,* 988 F.2d 507, 511 (4th Cir. 1993).

[10] *Lightner v. City of Wilmington,* 545 F.3d 260, 265 (4th Cir.2008).

11

*Haywood v. Gutierrez*, No. 08cv981(GBL), 2009 WL 1208111, at *6 (E.D. Va. April 30, 2009) ("[T]he Court acknowledges that a similarly-situated comparator need not be [the] Plaintiffs' exact match."). It is a fact specific analysis. *See Haywood*, 387 Fed. App'x at 359. The question is "are there enough common features between the individuals to allow a meaningful comparison?" *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 405 (7th Cir. 2007), *aff'd*, 553 U.S. 442 (2008). "In other words, the proposed comparator must be similar enough to permit a reasonable juror to infer, in light of all the circumstances, that an impermissible animus motivated the employer's decision." *Coleman v. Donahoe*, 667 F.3D 835, 841 (7th Cir. 2012).

Here, the Plaintiff has done more than make a bare, conclusionary allegation that similarly situated individuals were treated differently. *See Sawyers v. UPS*, 946 F. Supp. 2d 432, 441-42 (D. Md. 2013). The Plaintiff has named five possible comparators and alleged specific facts about their circumstances. *See Am. Compl.* at ¶¶ 21-22. Considering these five individuals together, and considering all the facts in a light favorable to the Plaintiff, the amended complaint states a claim for relief. Any further factual analysis about whether these comparators are similar enough to permit comparison would be inappropriate at this stage.

For the reasons discussed above, the amended complaint states claims for discrimination under the ADA and Title VII. Accordingly, the amended complaint is not futile, and the Court will grant the Plaintiff's motion to amend.

C. The Defendants' Motion to Dismiss

"It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot." *Blount v. Carlson Hotels*, 3:11CV452-MOC-DSC, 2011 WL 6098697, at *1 (W.D.N.C. Dec. 6, 2011) (*citing Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect.")). Accordingly, the Court will deny the Defendants' motion to dismiss the original complaint as moot.

III. Conclusion

For the reasons stated above, the Plaintiff's motion to amend will be granted; the motion to dismiss the original complaint for failure to state a claim will be denied as moot.


_2/24/15_
Date

_____
William D. Quarles, Jr.
United States District Judge

13